FLANNERY *v.* SAHAGIAN.

*(Supreme Court, General Term, Second Department.   December 10, 1890.)*

1. ARBITRATION AND AWARD—FORM OF AWARD.
    Upon a submission of a question whether a bill, referred to in the submission, was due from defendant to plaintiff, the arbitrators rendered an informal decision that plaintiff was entitled to payment, and on the same day acknowledged and de-

livered to plaintiff a formal decision stating the amount due him, being the amount of the bill referred to. *Held*, that there was but one award, and it was sufficient to sustain a judgment.

2. SAME—OATH OF ARBITRATORS.

One of the parties to an arbitration had prepared an affidavit, presumably an oath of office, but on the arbitrators saying that they would swear to their report, he tore it up, and the hearing proceeded without dissent or further request for an oath of office. *Held*, that the arbitrators' oath was waived.

Appeal from special term, Westchester county.

Submission to arbitration of a claim by Patrick J. Flannery against Aslan Sahagian. From a judgment for plaintiff entered on an award, and from an order confirming the award and an order denying a motion to vacate the award, defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Joseph F. Daly*, for appellant. *F. X. Donoghue*, (*Martin J. Keogh*, of counsel,) for respondent.

BARNARD, P. J. There was but one award made. The question submitted was whether a bill for work and materials was due and owing by the defendant to the plaintiff. This turned upon the fact whether the work was well and sufficiently done according to a contract between the parties. The claim was specified in a bill which was referred to and described in the submission. The informal decision was only to the effect that the plaintiff was entitled to the last payment. This was virtually deciding the case, but no sufficient facts were stated upon which to enter judgment. On the same day a formal decision properly acknowledged was made and delivered to the plaintiff, stating the amount of the bill which was found to be due the plaintiff, and being the very bill submitted to the arbitrators. The papers I think show that the arbitrators' oath was waived. The defendant had an affidavit or oath of some kind, presumably an oath of office. The arbitrators said they would swear to their report, and thereupon defendant tore up the oath, and the hearing proceeded to adjudication without dissent or further request for an oath of office. The order confirming the award, and the order refusing an application to set it aside, should be affirmed.